# WILLIAM J. ANDERSON v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

July 22, 1910.

Nos. 16,675—(214).

**Injury to live stock — evidence.**
    The evidence *held* insufficient to justify recovery for the alleged negligence of defendant in the killing of plaintiff's cattle while upon its right of way.

Action in the district court for Freeborn county to recover $290 for the killing of certain cattle alleged to have been caused through defendant's negligence.

The answer alleged that plaintiff at the time the cattle were injured had no right to have his cattle enter upon defendant's right of way; that if the cattle received injuries they were caused by plaintiff's negligence in permitting them to stray upon the right of way; and that plaintiff was required by law to keep his cattle within his enclosure. The reply was a general denial. The case was tried before Kingsley, J., who directed a verdict in favor of defendant. From

1Reported in 127 N. W. 455.

an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Mayland & Peterson,* for appellant.

*Morgan & Meighen* and *Stringer & Seymour,* for respondent.

BROWN, J.

Action to recover the value of certain cattle, alleged to have been killed by the negligence of defendant. A verdict was directed for defendant in the court below, and plaintiff appealed from an order denying a new trial. The only question presented is whether the evidence was sufficient to take the case to the jury upon the issue of defendant's negligence.

It appears that the cattle entered the railroad right of way through a farm crossing gate in the right of way fence, at about seven o'clock in the evening of September 3, 1909, and were run into and killed by one of defendant's passenger trains. The gate was placed in the right of way fence for the convenience of an adjoining farm owner, and was carelessly left open by some one not connected with the railroad company. No negligence on the part of defendant is claimed for the open gate. The precise contention is that the engineer in charge of the train, which caused the death of the cattle, had he been in the exercise of due care and on the lookout for obstructions upon the track, could have seen the cattle in ample time to have avoided striking them, and that his failure in this respect constituted negligence for which defendant is liable. It is urged on this appeal that the evidence required a submission of this question to the jury.

We are unable to concur in this view of the case. We discover no substantial evidence justifying, beyond mere conjecture or theory, plaintiff's contention. The engineer testified explicitly, and without evasion, that the moment he discovered the cattle he made every effort to bring his train to a stop before striking them, but was unable to do so. The train was composed of passenger cars, drawn by two large locomotives, and at the time was running at the rate of about forty-five miles an hour. It was proceeding south, and the cattle were in the vicinity of or upon the track, at the south end of a cut nine hundred

fifty feet long, with high banks in the center, which obstructed the view of the engineer until his engine was nearly through the same. As the train passed through the cut and moved to the south thereof, the cattle were discovered, but too late to avoid striking them. There is no tangible evidence contradicting that given by the engineer, and there is nothing inherently improbable in the testimony given by him. We conclude, therefore, that the trial court properly directed a verdict for defendant.

Order affirmed.